

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 7, 1972

Hon. Robert S. Calvert             Opinion No. M- 1153
Comptroller of Public Accounts
State Finance Building             Re: Responsibility of Comptroller
Austin, Texas  78774                   of Public Accounts regarding
                                       compliance with Section 1(b)
                                       (1) of the current General
Dear Mr. Calvert:                      Appropriation Act.

          Your recent letter requesting the opinion of this
office concerning the referenced matter states as follows:

          "I am enclosing a letter from the classifi-
     cation officer of the State Auditor's Office in
     which he calls to my attention that a legislative
     directive is not being complied with by several
     State agencies.

          "The legislative directive referred to reads
     as follows and is found in Article V of the current
     Appropriation Bill:

               'Department heads may make appointments
          at rates below Step 1 either for periods of
          training or to meet prevailing salaries of
          localities in Texas encountered by the agency,
          provided, however, that such rates below Step
          1 shall not exceed six months, and all such
          employees paid at rates below Step 1 will be
          brought to Step 1 of the designated salary
          range by the end of the six months period.'

          "In his letter he states that any agency not
     making the proper changes would be in violation of
     this paragraph and would be submitting incorrect
     claims to me.

-5625-

"For this reason, I need your advice as to the following questions:

"1.  Is it the responsibility of my department to see that the above quoted legislative provision is complied with?

"2.  If the answer to the above question is in the affirmative, what action should I take concerning payment of salary claims which are below Step 1 of a salary group after the six months training period?"

The statutory provision quoted in your letter is found under the heading Salary Provisions, Subdivision (6)b (1) of Section 1 of Article V of the current General Appropriation Act (S.B. 11, Acts 62nd Leg., R.S. 1971, as amended by S.B. 7, 1st C.S., same Leg., 1971) (at p. 3790, V-29).

Your first question is whether your department is authorized to require that the heads of other departments comply with the provisions of this Subdivision (6)b (1), supra.  This question involves the ancillary query of whether you have authority to issue, on your own initiative, a warrant for an amount that is more than the amount requested by the department head, but which complies with the law governing the amount of the warrant.

You are authorized to exercise only such powers as are statutorily prescribed, and are prohibited from exercising any powers in regard to, or responsibility for, areas without your statutory authorization.  Fulmore v. Lane, 104 Tex. 499, 140 S.W. 405 (1911, at p. 405-6);Rochelle v. Lane, 105 Tex. 350, 148 S.W. 558 (1912).

The general duties of your office relevant to the matter under consideration are set forth in Article 4344, Vernon's Civil Statutes.  We are unable to find in that Article any authority whereby you are authorized to oversee compliance by other

department heads with the provisions of this Subdivision (6)b (1), supra. Nor are we able to find in that Article any authority for you to issue a warrant, on your own initiative, for an amount greater than that requested by another department head, even if the warrant sought to be issued by you would be in compliance with the statutory provisions concerning the amount of the warrant.

You are therefore advised that it is not the responsibility of your department to see that the provisions of Subdivision (6)b (1), supra, are complied with by other department heads.

Your factual situation presents only the question of underpayments and not a question involving overpayments in excess of that allowed by law. We therefore confine our holding to the question of underpayments, and this opinion is not to be interpreted as authorizing the Comptroller to issue a warrant for overpayments when he has knowledge that the claim is in excess of that amount authorized by law.

Inasmuch as your first question has been answered in the negative, it is not necessary for us to consider your second question.

S U M M A R Y

(1) It is not the responsibility of the Comptroller of Public Accounts to see that the provisions of Subdivision (6)b (1) of Section 1 of Article V of the current General Appropriation Act (p. 3790, V-29) are complied with by other department heads insofar as underpayments of claims are concerned.

(2) The Comptroller of Public Accounts has no authority to issue a warrant, on his own initiative, in an amount greater than that requested by another department head, even though the warrant sought to be issued by the Comptroller would be in compliance

Hon. Robert S. Calvert, page 4,     (M-1153)


with other provisions of the statute governing the issuance of such warrant.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Jim Swearingen
Harriet Burke
James Hackney
James Maxwell

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant